IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
& Tenth Circuit Appellant Court

FILED
U.S. District Court
District of Kansas

DEC 05 2024

Clerk, U.S. District Court
By_____ Deputy Clerk

Jackson, Kris Chapter

        Plaintiff,

v.

Soave Automotive Group. Et al,


        Defendants.

Appeal Case No. 24-3175

Case No. 2:*23-02403-DDC-TJJ*

_____/

## APPELLANT STATEMENT OF ISSUES ON APPEAL

The Appellant, Chapter Kris Jackson, Statement of issues to be determined on appeal; Appellant provides a scope of the issues she wishes to appeal from the 23-page memorandum and order ECF 301 appealed; Appellant respectfully details her statement of issues on appeal below:


1.   Did the District Court err in Granting the Defendants motion to dismiss and ordering a Colorado River Stay?
2.   Did the district court erroneously apply the Colorado River test in staying the case pending the state court resolution?
3.   Did the lower court err when it ruled upon the defendants motion to dismiss and granted there request for a Colorado river doctrine stay; Did the lower court erroneously interpret exceptional circumstances in order to stay the case on the bases of the Colorado river doctrine; given the narrowness of this doctrine, the Colorado River test requires "exceptional circumstances" and an "important countervailing interest" for a federal court to abstain from exercising jurisdiction based on pending litigation in state court. Id. (quoting Cty. of Alleghney v. Frank Mashuda Co., 360 U.S. 185, 189 (1959)); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983) (noting that "the balance [is] heavily weighted in favor of the exercise of [federal] jurisdiction" in a case involving state- federal concurrent litigation). The Colorado River Doctrine arises in limited situations; "Colorado River abstention arises in limited 'situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.'" Id. at 476 (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).
4.   Did the lower court error when it applied the Colorado River Doctrine; The Pendency of State court Action is no bar to proceedings concerning the same matter in Federal Court.  The passage in Colorado River 424 U.S. at 817 (internal citations omitted) had stated: Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ." As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.
5.   Did the District Court apply the wrong analytical framework? Did the lower court properly apply the Colorado River Test and recognized eight pertinent factors when applying the doctrine: (Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994)). Did the District court err by applying the wrong test? Did the lower court abuse it discretion by applying failing to apply the correct test. Did the lower court err when it entered the order upon the defendants motion to dismiss before ruling within the narrowness of the doctrine with the 8 pertinent factors listed below? Did the district court err when it ruling details that the district court application of the wrong legal standard within the ruling which constitutes abuse of discretion.  See: Sprint Nextel Corp. v. Middle Man, Inc., 822 F.3d 524, 535 (10th Cir. 2016) (stating that a district court's application of the wrong legal standard constitutes an abuse of discretion). The district court applied the abstention test set out in Colorado River

1

Water Conservation District v. United States, 424 U.S. 800 (1976); Did the lower court fail to consider the following eight factors when making its ruling?

1. The possibility that one of the two courts has exercised jurisdiction over property;
2. The inconvenience from litigating in the federal forum;
3. The avoidance of piecemeal litigation;
4. The sequence in which the courts obtained jurisdiction;
5. The "vexatious or reactive nature" of either case;
6. The applicability of federal law;
7. The potential for the state-court action to provide an effective remedy for the federal plaintiff;
8. The possibility of forum shopping.

6. Did the lower court err in its order when it only purports to address seven factors of Colorado River Doctrine not eight factors of the Colorado River factors before issuing the Colorado River stay order?

7. The district court erred; abused its discretion and lacked judication to enter the Colorado river stay for the jurisdiction was divested with the appellant court at the time the order was entered based upon the facts that the Plaintiff had filed a writ of mandamus with the appellant court seeking an appeal at the time the order now appealed was entered. Did the court err and or lack jurisdiction to enter an order upon the defendants' motion to dismiss while the Plaintiff had filed a writ of mandamus with the tenth circuit: See: ECF 289? Does an Appellant court treat a writ of Mandamus as a notice of appeal; did the lower court abuse its discretion when it failed to preserve the right to appeal an appealable order before ruling upon the defendants' motion to dismiss before the writ was ruled upon? Did the lower court err when it failed to divest the court appeals of its jurisdiction while the writ of mandamus was pending for the Appellant writ of mandamus did imply that the Plaintiff was seeking to appeal an order.

8. Did the state court properly determine in its order if Santander Consumer USA Inc. and Chrysler Capital are the same entity and or subsidiary? For there is an entity by the name of Chrysler Capital Group LLC.

9. Did the Court abuse its discretion in issuing a court decision to abstain from exercising judication? Were the Plaintiff claims duplicative issues or claims? Reversal necessary when the district court applies the wrong test. The Appellant court applies the abuse-of-discretion standard when reviewing a district court's decision to abstain from exercising jurisdiction over one of two duplicative federal cases. Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002). Did the district court issues an erroneous legal conclusion when it issues its ruling upon the defendants motion to dismiss? A district court abuses its discretion when it bases a decision on an erroneous legal conclusion. Kansas v. United States, 249 F.3d 1213, 1227 (10th Cir. 2001). The Appellant court must reverse when the district court applies the wrong test. See Sierra Club v. Cargill, 11 F.3d 1545, 1548 (10th Cir. 1993) (reversing because the "[t]he district court abused its discretion" in applying "the wrong standard of review and, as a result, the wrong analytical framework").

10. Did the Defendants present to the court material misrepresentation in order to assert standing or a defense in order to attempt to dismiss the case? Did the district court err when it ruled upon the defendant's motion to dismiss before addressing the issues raised by the Plaintiff in which she assert days before the court ruled upon the defendants motions to dismiss that she had discovered that the Defendants were asserting a defense, right, and or claim that did not belong to them. Before the district court ruled upon the Defendants motion to dismiss should have the District court determined if the defendants had committed Fraud on the court by asserting a defense on behalf of a third party" in federal court; referring to the situation plead within the Plaintiff motion to dismiss, transfer, and motion for review of the magistrate over ruling order; did the court err when it failed to address the issues where the defendants lawyer intentionally misleads the court by claiming a defense that belongs to someone not a party to the lawsuit, essentially trying to use the legal process to shield a third party from liability by falsely representing their interests as their own, which is considered unethical and can lead to serious legal consequences before granting relief in the Defendants favor? Did the district court properly consider the issues raised as to the defendants' standings and misrepresentations before ruling on the defendant's motion to dismiss? Did the defendants and its lawyers deliberately present false information to the court to assert a claim or defense or hold themselves out within the case as the real parties to the contract when they are not, acting as agents on behalf of third party's actions or legal position to gain an unfair advantage a dismissal because the defendants knew the real party of interest to the case had no legal formation to assert a defense and is a dissolved entity. Did the court fail to determine before ruling on the defendant's motion to dismiss if

the defendants counsel actions/ behavior violates the ethical rules of professional conduct, particularly the duty of candor to the court, which requires lawyers to be truthful in their representations. Did the court err when it failed to address if the defendants and its lawyer has engaged in "fraud on the court" by asserting a third party's defense, did the court err when it failed to examine and determine who real interest was being asserted during the litigation and impose sanctions ranging from reprimands to disbarment, depending on the severity of the misconduct. Did the court err when it failed to determine if the Defendants were asserting a contractual defense that belongs to a non-party before ruling on the defendant's motion to dismiss. Did the court err when it failed to determine before ruling on the defendants' motion to dismiss if the Defendants misrepresented the legal status of a third party before ruling on the Defendants motion to dismiss? Did the court err when it failed to address the standing issues of the Defendants before ruling on the defendant's motion to dismiss and allowed the defendants to assert legal arguments on behalf of the real party to the contractual agreement? Did the lower court fail to determine if the Defendant counsel were falsely representing defense to a claim that belonged to a non-existed entity? Did the court err when it failed to determine if the defendants were the real parties to the suit and failed to alert the court that the Plaintiff claims was against a third party who is the legal responsible party to the action bring litigated and contractual agreement. Did the court err when it allowed the defendants to assert a defense and motion to dismiss using a third party's legal arguments without disclosing their identify to the contractual agreement being litigated? Did the district court fail to address whether the defendants' lawyers presented legal arguments that are actually based on a third party's legal position without informing the court that they are not representing that party directly.

**11.**    Was the order upon the Defendants motion to dismiss obtained by fraud upon the court? Did the Appellant detail before the court ruled upon the defendants motion to dismiss substantial evidence to prove that the defendants and its lawyers intentionally misled the court to believe they were the real parties to the contractual agreement; should the district court determine before the order on the Defendants motion to dismiss was entered if the Defendants had committed misleading representations in court pleading to led the Plaintiff to believe that they were the real parties of interest; did the defendants commit fraud on the courts; was the dismissal order entered before the court record determined or established such facts. Were the defendants the real parties to assert objections to the motion to compel arbitration and other pleadings in the case; A misrepresentation, or an assertion that is not in accord with the facts, can affect the enforceability of a contract if it is material or fraudulent.

**12.**    Did the lower court err when it allowed the Defendants to assert a right or defense as authorized agents on behalf of a dissolved company.

**13.**    Where the Defendants the real party of interest to the arbitration agreement in order to assert that the Plaintiff waived her rights to arbitration. Did the Defendants have article III standing to assert a claim, right, or defense?

**14.**    Did the district court err by ruling on the Defendants motion to dismiss before ruling on the Plaintiff motions to stay and motions to compel arbitration, motion to dismiss, motion to strike, motion to transfer, and objections and motions for review of the magistrate orders.

**15.**    Did the Magistrate have authority to issues a ruling upon the Plaintiff motion to stay arbitration a dispositive motion; did the Magistrate Judge give the Plaintiff notice of her right to object to her recommendation of the dispositive motion; did the Magistrate judge fail to issue recommendations and suggestions as to the Plaintiff motion to stay and compel arbitration. Was the Magistrate Judge bias and prejudice as to the Plaintiff cause? Did the magistrate Judge allege ruling on the Plaintiff motion to compel arbitration a final order or final decision. Had the Plaintiff motions to compel arbitration ever legally obtain a ruling by a District Judge who had the legal authority to issue a final decision upon the Plaintiff motion to stay and compel arbitration? Did the Plaintiff waive her right to arbitration? Did the District court err by ruling on the Defendants motion to dismiss before entering a final decision and ruling on the Plaintiff motions to compel arbitration?

**16.**    Did the district court err when it failed to rule upon the Plaintiff motion to stay the state court case pending a ruling upon the Plaintiff motions to compel arbitrations before ruling upon the defendant's motion to dismiss and issuing the Colorado river doctrine stay? Did the court err when it failed to rule upon the motions to compel arbitration and decide whether the dispute is subject to arbitration before deciding whether to stay under the Colorado river doctrine.

**17.**    Did the court err when it issued the Colorado river stay and not the motion to stay the case pending arbitration? (Federal Arbitration Act (FAA) – Stay pending arbitration)

**18.**    Where the Defendants the real party of interest to the suit? Were the Defendants the real party to the arbitration agreement or did they present to the court's material misrepresentation on behalf of a dissolved entity; Did the defendants misrepresent themselves as the real party to the arbitration agreement in order to obtain an order of waiver, and or Colorado river stay? Did the Defendants have article III standing to assert a defense? To establish Article III standing, a party must suffer an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010). Are the defendants authorized to present a defense, or claim on behalf of a non-existent corporation during the litigation.

**19.**    Did the lower court fail to determine if the Defendants were the real party to the suit with article III Standing to assert a right and or defense before ruling upon the Defendants motions to dismiss and issuing a Colorado river stay. Are the Defendants the real interested parties to the suit? Are the defendants the real parties to the contract (which is the legal grounds for the dispute) such as the dealership, seller, creditors in order to obtain a form of relief from the court? Or did the Defendants mispresent to the court and Plaintiff to be the real party of interest in order to obtain a ruling on behalf of a third party?  Did the Defendants assert a defense, a right, or a claim with the court as the authorized agent of a dissolved company? Plaintiffs assert her claim under TILA, which "compels" a creditor to disclose specific information in a "consumer credit transaction." Kinzel v. Southview Chevrolet Co., 892 F. Supp. 1211, 1215 (D. Minn. 1995) (citing 15 U.S.C. § 1638; 12 C.F.R. § 226.18). Under the TILA, a "consumer" is defined as "the party to whom the credit is offered or extended." 15 U.S.C. § 1602(i). The TILA affords a consumer a private cause of action against "any creditor" who fails to comply with any requirement imposed under this part." 15 U.S.C. § 1640(a). Did the Defendants assert themselves as the agents of the creditor during the litigation in order to submit the motion to dismissal. Did the District Court have jurisdiction to hear and rule upon (the Defendants Motion to Dismiss) the Defendants defenses, which were asserted on behalf of a dissolved entity which the Defendants concealed during the ligation. Who's rights did the Defendants assert?

**20.**    Did the District Court err when it failed to determine who's rights the Defendants were in fact asserting a defense on behalf of before entering a order upon the Defendants motion to dismiss? A party may only assert his or her own injury in fact and cannot rest any claim to relief on the legal rights or interests of third parties." Ofor v. Ocwen Loan Servicing, LLC, 649 F.3d 808, 816 (8th Cir. 2011).  If the dissolved entity Aristocrat Motor Co Inc. submitted the loan application on behalf of the Plaintiff in 2018 (the dissolved company would be the purported dealership/ creditor/ seller) although the entity has been dissolved since August 2000. Can another entity T.E.N. Investments Inc. and its employees rest a claim to relief ( Defendants Motion to Dismiss claim for relief) on the legal rights of the third-party Aristocrat Motors Co Inc who is a dissolved corporation?, Regulation Z, 12 C.F.R. § 226.1 et seq., defined a "creditor" to be one "who in the ordinary course of business regularly extends or arranges for the extension of consumer credit[.]" See 12 C.F.R. § 226.2(s) (1980).

**21.**    Did the Court err when it failed to consider the judication issues raised by the Plaintiff before ruling on the Defendants motion to dismiss? Did the Defendants have article III standing to assert their right or claims asserted within their motion to dismiss? The Plaintiff challenged the district courts subject matter jurisdiction, which "is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991).  Did the District Court err when it failed to determine if subject matter jurisdiction existed before ruling on the Defendants motion to dismiss? If a party lacks standing, the district court has no subject matter jurisdiction to hear that party's claims, which must be dismissed. Iowa Right To Life Comm., Inc. v. Tooker, 717 F.3d 576, 584 (8th Cir. 2013). Did the district court err when it failed to address the jurisdictional issues raised by the Plaintiff before ruling on the Defendants motion to dismiss? Defendants must allege facts essential to show jurisdiction when the issues are raised; See: FW/PBS Inc. v. Dallas, 493 U.S. 215, 231 (1990).

**22.**    Did the District court err when it ruled on the Defendants motion to dismiss before the Defendants demonstrated that subject matter jurisdiction existed. A party claiming that federal subject matter jurisdiction exists must demonstrate that fact. Dakota, Minn. & E. R.R. Corp. v. Schieffer, 715 F.3d 712, 712 (8th Cir. 2013).

**23.**    Did the District Court err when it failed to consider the Plaintiff issues of the Defendants standing; which the Plaintiff

4

raised with the court before the Defendants motion to dismiss was ruled upon? A party must demonstrate he/she/it has standing to sue or be sued or bring a claim for any relief 'throughout all stages of litigation and or proceedings'" and "'must demonstrate standing separately for each form of relief sought.' "See: quoting United States v. Amodeo, 916 F.3d 967, 971 (11th Cir. 2019) and see: TransUnion LLC v. Ramirez, 594 U.S. 413, 436 (2021)).

24.  Did the District court err when it to consider the Plaintiff jurisdictional issues raised within her motion to dismiss before ruling upon the defendants motion to dismiss. Did the lower court lack jurisdiction when issuing the ruling upon the Defendants motion to dismiss? Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Even where a federal court has subject matter jurisdiction, "a valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere." K.R.W. Constr., Inc. v. Stronghold Eng'g Inc., 598 F. Supp. 3d 1129, 1135–36 (D. Kan. 2022). It is axiomatic that federal courts are courts of limited jurisdiction. And there is a presumption against federal jurisdiction. Penteco Corp. P'ship—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).

25.  Did the court err when it failed to have an evidentiary hearing before ruling on the Defendants motion to dismiss?

26.  Did the court err when it ruled upon the Defendants motion to dismiss before addressing or determining whether the court has jurisdiction to decide a dispute? Did the court err when it failed to hold a limited evidentiary hearing to resolve the disputed jurisdictional facts raised by the Plaintiff before ruling upon the Defendants motion to dismiss? Did the court err when it ruled the Defendants motion to dismiss without considering the take judicial notices filed by the Plaintiff, affidavits, and other documents to resolve the jurisdictional dispute before ruling upon the defendant's motion to dismiss? "A district court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020)

27.  Did the court err when it failed to consider whether the defendants made material misrepresentations in order to give the Plaintiff and the court a false sense of jurisdiction. Did the court err when it failed to determine if the court lacked subject matter jurisdiction to rule on the motions to stay and compel arbitration, and defendants' pleadings before ruling upon the Defendants motion to dismiss?

28.  Did the court err when it failed to determine the Plaintiff raised issues of the "forum selection clause" before ruling upon the Defendants motion to dismiss? Based on Tenth Circuit precedent, this courts circuit has explained that the term "forum selection clause" applies "only to agreements which clearly confine litigation to specific tribunals to the exclusion of all others." SBKC Serv. Corp., 105 F.3d at 582; Jones v. KP&H LLC, 288 F. App'x 464, 467 n.3 (10th Cir. 2008). See K.R.W. Constr., Inc. v. Stronghold Eng'g Inc., 598 F. Supp. 3d 1129, 1139–40 (D. Kan. 2022) (referring to a clause providing that litigation "shall be brought in Riverside County, State of California" as a forum selection clause).

29.  Did the District court err when it failed to determine or consider the Transfer — Forum Selection Clause asserted within the Plaintiff motion to transfer before ruling upon the Defendants motion to dismiss. The existence of a "valid forum selection clause prohibits a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere." K.R.W. Constr., Inc. v. Stronghold Eng'g Inc., 598 F. Supp. 3d 1129, 1135–36 (D. Kan. 2022). Our court has determined that the effect of a forum-selection clause is a matter of federal law. K.R.W. Constr., Inc., 598 F. Supp. 3d at 1135.

30.  Did the District Court fail to determine if the subject matter jurisdiction was proper before ruling upon the defendant's motion to dismiss? The Court has an independent duty to ensure that subject-matter jurisdiction is proper. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

31.  Did the District Court err when it failed to determine if the law of the forum applies (for such issues were raised by the Plaintiff in her motion to transfer or dismiss) before ruling upon the Defendants motion to dismiss. The Kansas Supreme Court has adopted a general rule that "the law of the forum applies unless it is expressly shown that a different law governs, and in case of doubt, the law of the forum is preferred. Brenner v. Oppenheimer & Co., Inc., 44 P.3d 364, 376 (Kan. 2002) (quoting Sys. Design & Mgmt. Info., Inc. v. Kansas City Post Office Emps. Cred. Union, 788 P.2d 878, 881 (Kan. Ct. App. 1990)). "'Generally, the party seeking to apply the law of a jurisdiction other than the forum has the burden to present sufficient facts

to show that other law should apply.'" In re K.M.H., 169 P.3d 1025, 1032 (Kan. 2007) (quoting Layne Christensen Co. v. Zurich Canada, 38 P.3d 757, 767 (Kan. Ct. App. 2002)). A mandatory forum-selection clause is properly enforced by a motion to transfer pursuant to 28 U.S.C. § 1404(a) or by a motion to dismiss based on the doctrine of forum non conveniens.

32.    Did the District Court err when it ruled upon the Defendants motion to dismiss before ruling upon the Plaintiff motion to strike the defendants motion to dismiss.

33.    Did the district court fail to resolve standing inquires before proceedings to the merits of the case; and or before ruling on the defendants motion to dismiss and entering an order of administrative closure and imposing the Colorado river doctrine stay; The district court erred when it failed to allow the Defendants to respond to the standing inquires before ruling upon the Defendants motion to dismiss; The district court erred when it failed to allow the defendants to respond or to assert standing when the issues were raised. Federal courts must necessarily resolve standing inquiries before proceeding to the merits of a proceeding and or suit. See, e.g., Davis v. FEC, 554 U.S. 724, 732 (2008). In fact, a court may raise the issue of standing sua sponte (i.e., of its own accord) to ensure that it has jurisdiction, even if no party to the proceeding contests standing. See, e.g., Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 110 (2001) (per curiam). The District Court erred when it failed to be hesitant assume jurisdiction over matters when the defendants have no deprivation of a right without concrete interest. "Deprivation of a . . . right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing." ); see, e.g., Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1618, 1621–22 (2020) (holding that participants in a defined-benefit plan lacked a concrete stake in a lawsuit seeking monetary and injunctive relief to remedy alleged mismanagement of the plan where the plaintiffs' monthly payments were fixed and not tied to plan performance); Cal. Bankers Ass'n v. Shultz, 416 U.S. 21, 73 (1974). Without the allege Appellees detailing a concrete stake litigants are not entitled to have the court decide the merits asserted within their motion to dismiss and or the dispute or of particular issues. See: Warth v. Seldin, 422 U.S. 490, 498 (1975) (In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.); Black's Law Dictionary 1536 (9th ed. 2009) (defining standing as a party's right to make a legal claim or seek judicial enforcement of a duty or right).

34.    Did the district court err when it fails to resolve the standing issues/ disputes of the defendants asserting a right on behalf of third parties before ruling upon the Defendants motion to dismiss? Did the district court fail to consider if there is a question of fact that rest upon the allege appellees/ defendants asserting a claim and or relief on behalf of third parties before ruling upon the Defendants motion to dismiss. A Party may only assert [his or her] own injury in fact and cannot rest [his or her] claim to relief on the legal rights or interests of third parties." Ofor v. Ocwen Loan Servicing, LLC, 649 F.3d 808, 816 (8th Cir. 2011). Issues of standing may also arise in cases in which a litigant sues a private party under a law providing for a private right of action against a private defendant. E.g., Spokeo Inc., v. Robins 578 U.S. 330, 342 (2016). The standards relating to whether a litigant is entitled to adjudication of his claims must be evaluated "by reference to the Art. III Did the district court err when it failed to evaluate the issues of standing before ruling on the defendants' motions to dismiss? Plaintiff raised the issues of standing to have the allege Appellees/ defendants position of standing evaluated before the district court ruled upon the defendant's motion to dismiss and other pleadings, and relief considered. See: Allen v. Wright, 468 U.S. 737, 750 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Article III standing inquiry raised are all necessary because it is the significant implications of constitutional litigation which can result in rules of wide applicability that are beyond congress power to change. See: Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 146 (2011). Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake; See: Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 191 (2000). The district court erred when it failed to determine if the defendants were the real party of interest and real parties to the loan contract in dispute.

35.    Did the lower court failed to determine all the Colorado River Factors before issuing a Colorado River Stay for example: did the lower court properly compare the state case causes of action vs. the Plaintiff nine federal causes of actions to be the same and the same relief could be obtained in both from state and federal court? Plaintiff brings claims under the following federal statutes: Federal Odometer Law (Count I), Fair Debt Collection Practices Act (Count II), RICO (Counts III & IV), Magnuson-Moss Act (Count V), Fair Credit Reporting Act (Count VII), Truth in Lending Act (Count IX), and Telephone Consumer Protection Act (Count X). Did the order properly detail the Plaintiff state cause of action/ claim vs. the Plaintiff federal claims?

36.    Did the lower court err in its ruling when it only adopted four of the 8 of the Colorado river doctrine to aid the court in determine whether the case warranted a stay or dismissal?

6

37. Did the lower court err when it ruled in its order that the first factor of the Colorado river (first factor -The possibility that one of the two courts has exercised jurisdiction over property); doctrine did not apply to this case such as the court ruled quote "The first two factors don't apply to this case. To begin, there is no res or property over which either court could assume jurisdiction". The court erred for there is property where the court can assume jurisdiction such as the property to the loan a vehicle which is the root of the dispute and bases of the dispute.

38. Did the district err when it ruled that no party had suggested any inconvenience in order to consider the finding of inconvenient forum factor; although the Plaintiff filed a responsive pleading to the defendants motion to dismiss by filing a motion to strike and the lower court failed to make a ruling on the Plaintiff motion to strike prior to ruling on the defendants motion to dismiss order for the Plaintiff to response to the merits or to suggest detail an inconvenience of the forum factor.

39. Did the district court err in its order when the court stated in the ruling that the court has already decided the Plaintiff motion to compel. Had the court entered a final decision upon the Plaintiff motion to compel or ruled upon the Plaintiff motion to compel newly discovered claims before ruling upon the defendants motion to dismiss? Did the District court judge fail to review the Plaintiff motion to review the magistrate judges ruling on the motion to compel arbitration? Did the district court Judge abuse its discretion when he allowed the magistrate judge to rule on the dispositive motion without the magistrate judge making any suggestions or recommendations and given the Plaintiff proper notice to object to her findings and suggestions before imposing the order as a final order? Had the motion to compel been ruled upon by a District Judge who had the authority to enter a final ruling upon the motion to compel arbitration.

40. Did the court lack jurisdiction to rule upon the motion to compel arbitration at all on the bases of the Defendants misrepresentations of facts plead as the real party to the arbitration contractual agreement? Did the defendants obtain a ruling on the arbitration by misleading, concealment of material facts in order to obtain a favorable ruling? (Ref: Doc # 300)

41. Did the court err when it stated within its ruling that the Plaintiff waited 19 months ("Plaintiff has substantially invoked litigation machinery and acted inconsistent with the right to arbitrate by filing this lawsuit, . . . engaging in discovery and extensive motion practice . . . combined with a delay of nearly 19 months before filing her motion to stay and compel arbitration[.]").

42. Did the lower court err when it stated in its order Defendants already have litigated the dispute simultaneously in plaintiff's chosen state and federal forums. What's more, plaintiff already transferred her federal case once. See Doc. 85 (granting plaintiff's Motion to Transfer Venue from Western District of Missouri to District of Kansas). If plaintiff wanted to invoke the forum selection clause, she should have figured it out earlier) Although the Plaintiff had just discovered the Defendants were not the real party in October 2024 when the real party of interest passed away such was newly discovered prior to the Plaintiff requesting to transfer the case and or before the Plaintiff filed a motion to compel arbitration. The district court erred when it ruled that the Plaintiff waived her right to invoke the forum selection clause and the district court erred when it ruled that the Plaintiff should have "fingered it out earlier" although such was detailed within the Plaintiff pleadings that the Defendants concealed and mislead the Plaintiff during the ligation to believe otherwise defendants committed court fraud to obtain the forum and held themselves out as the contractual parties to the arbitration agreement when they were not the real party to the contractual agreement.

43. Did the district court err when it ruled that the Plaintiff seeks relief that could have been asserted in the state court action. For the Plaintiff filed her state court case first and two days later the federal case was filed.

44. The district court erred when it miscalculated the factors and never detailed the Plaintiff state court cause of action to calculate and properly analyzed and determined if the same claims are pending in the state court that are pending within the federal case.

45. The district court erred when it entered the Colorado river stay when the Plaintiff did not meet the Colorado river doctrine and did not file the federal court case in reaction to the state court decision.

46. The district court erred when it failed to determine or consider if the Defendants standing appeared Adequately by Material of Record before ruling upon the defendants motion to dismiss. See; Warth v. Seldin, 422 U.S. 490, 502 (1975) (stating that if the litigant standing does not adequately appear from all materials of record. The district court erred when the District court ruled upon the Defendants motion to dismiss before allowing the Defendants to present evidence demonstrating standing for each claim they seeks to press and for each claim they seek relief upon. The lower court erred when it failed to consider the Plaintiff issues of the Defendants standing; Plaintiff raised the issues that the defendants had concealed facts within the state and federal case and were not the real party to assert a defense; Defendants are not the appropriate party to assert a claim and or legal right within the suit. (fraudulent misrepresentation in order to obtain a dismissal); Standing is a jurisdictional question, and the district Court erred when it failed to determine the jurisdictional questions disputes before

ruling upon the Defendants motion to dismiss. Under Article III of the U.S. Constitution, a defendant must also have standing to assert a defense, meaning they must demonstrate a personal stake in the outcome of the case by showing a concrete injury that is fairly traceable to the plaintiff's actions and likely to be redressed by a favorable judicial decision; essentially, they must have a legitimate reason to be involved in the lawsuit and raise a defense. The district court erred when it failed to consider the issue of standing to defend which takes on outsized importance when third parties who are not targeted by the plaintiff's requested remedy. The lower court erred when it failed to consider if the Defendants are not the parties to the contract and a dissolved entity is the real party what direct stake does the Defendants have to assert a defense? Even as the Supreme Court began to raise the bar for Article III standing, the Court continued to emphasize that standing doctrine was animated by separation of powers concerns—in particular, avoiding judicial encroachment on the role of the executive by ruling on matters in which a party has no direct stake. "To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right.' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,'" as the Court explained in Lujan vs. Defenders of Wildlife. The district court erred when it failed to determine whose benefit is the defendants defense asserted in the pleadings before the court brought upon before ruling upon the defendants' motion to dismiss. (Federal Rule 17, Capacity to sue or be sued, real party of interest)

47.    Did the lower court err when it failed to rule on the Plaintiff objection and motion for District Court Judge review of the magistrate judge ruling upon the Plaintiff extension of time to amend her complaint/ amended the scheduling order before ruling on the defendants' motion to dismiss/ did the lower court err when it failed to properly consider the Plaintiff vision impairment?

48.    Did the lower court err when the court enter the order to stay upon the Colorado river doctrine when the Plaintiff filed the Federal district action to preserve her choice of federal form to resolve her claims when the Plaintiff concurrently filed her state action. Did the lower court failed to consider that the state court suit was only out of an abundance of caution in the event that for son reason the United States federal suit was not the adjuciated on the merits in federal court and to ensure that the state statute of limitation was scrupulously complied with.

49.    Did the lower court err when it failed to properly consider the Plaintiff preserve choice of federal forum vs. state form? Did the state court err when it failed to properly determine if the state court suit causes of action are the same causes of actions plead in the federal suit causes of actions before invoking the Colorado river stay/ abstain/ administer closure of the case?

50.    Did the lower court err when it ruled abstention?

51.    Did the lower court properly consider and properly examine if the stay was permissible; did the lower court err when determining/ examining if the Plaintiff claims asserted in the federal form were the same claims pending in a parallel state action? Did the lower court err when it failed to properly determine if the Colorado river doctrine weighed against staying the case as to all the Plaintiff claims. Did the district court err when it failed to stay only partial claims if any and not all before invoking the Colorado river doctrine on all of the Plaintiff claims and allow any of the claims that were not identical to the state court action to proceed? (Partial Colorado River Stay to allow further litigation in the federal forum); See: issued partial Colorado River stays; Harris v. TD Ameritrade, Inc., No. 17-CV-6033-LTS-BCM, 2018 WL 1157802, at *6 n.6 (S.D.N.Y. Feb. 14, 2018) (citing out-multiple circuit district court cases). Did the court err when it ruled upon the defendant's motion to dismiss without the defendants properly asserting an analysis as to which causes of actions were the same in the federal forum vs. the stat forum?

52.    Did the district court err when it failed to properly determine whether the facts of a particular case conform to the requirements for a Colorado River stay or dismissal which is a question of law which the Plaintiff/ Appellant request the appellant court to review de novo." If the Appeals court determines that the Colorado River requirements have been met the Appellant request that the court of appeals review for abuse of discretion upon the district court decision to stay the action. Did the lower court err when it failed to exercise within the narrow and specific limits prescribed by the Colorado River doctrine? R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 973 (9th Cir. 2011) (citation and internal quotation marks omitted).

53.    Did the district court err when it applied the Colorado River Doctrine as an abstention doctrine? Colorado River is not an abstention doctrine, though it shares the qualities of one. See Nakash v. Marciano, 882 F.2d 1411, 1415 n.5 (9th Cir. 1989).

54.    Did the district court err hen it failed to properly consider if there was the clearest of justifications that warranted the stay? See; Colo. River, 424 U.S. at 819. Did the lower court failed to determine if the instances in which a court can stay an action

pursuant to the Colorado River are considerably more limited than the circumstances appropriate for the abstention before entering its decision?

55. Did the District Court properly determine if the state forum was properly adequate and would end the litigation? Higher courts have repeatedly emphasized that a Colorado River stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court. In Intel Corporation, the court noted the Supreme Court's declaration that "a district court may enter a Colorado River stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation." Intel Corp., 12 F.3d at 913 (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988)) (emphasis added).

56. Did the lower court properly determine if the parallel state court proceeding implies that those proceedings are sufficiently similar to the federal proceedings to provide the Plaintiff relief for all of the parties' claims. Did the lower court properly decide how the state court proceeding implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for all of the parties' claims." In Holder v. Holder, 305 F.3d 854 (9th Cir. 2002), the appellant court vacated a district court's decision issuing a Colorado River stay because "the proceedings [we]re not 'parallel,' as required for a stay under Colorado River, nor w[ould] an adjudication . . . on the merits resolve all necessary issues." Id. at 868 (citations omitted) (emphasis added). The appeals court have repeated similar language in other cases. See Montanore Minerals, 867 F.3d at 1170; R.R. St., 656 F.3d at 983; Smith v. Cent. Ariz. Water Conservation Dist., 418 F.3d 1028, 1033 (9th Cir. 2005). Did the lower court properly determine if the state court cause of action and the United States federal suit contain the same causes of actions before issuing the Colorado River stay? Such claims mainly relate to how the lower court analyzed various items of evidence in arriving at its conclusions in issue to stay and how the lower court described details about the Plaintiff state court cause of action- vs. federal court causes of action the light of the analysis before issuing its ruling.

57. Did the lower court abuse its discretion when it granted the stay? Did the District Court properly determine if there whether the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties? See: Moses H. Cone, 460 U.S. at 28. "If there is any substantial doubt as to whether "the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties it would be a serious abuse of discretion to grant the stat or dismissal at all".

58. Did the District Court err when it granted the stay? Did the district court deprive the Plaintiff of her choice of forum because the Plaintiff choice to file her action in federal court. Did the lower court err when it failed to determine if the Plaintiff acted within her right in filing a suit in the forum of her choice before issuing the Colorado River stay and such was not forum shopping. ("It typically does not constitute forum shopping where a party acted within his rights in filing suit in the forum of his choice". See: Seneca Ins., 862 F 3d at 846 (internal quotation marks and citation omitted); See also Holder, 305 F .3d at 869 (deeming it important that granting a stay "would deprive the husband of his choice of form because the husband chose to file his Haque Convention claim in federal court).

59. Did the District court properly consider if the Plaintiff was forum shopping before making its ruling on Defendants motion to dismiss and before issuing a Colorado River Stay? Did the properly determined if the Plaintiff file the federal suit upon setbacks of the state court? For example, when a party waits three-and-a-half years, see Nakash, 882 F.2d at 1417, or two-and-a-half years, see Am. Int'l_ Underwriters, (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1259 (9th Cir. 1988), after initially filing in state court, that can weigh in favor of a stay.

60. Did the District Court properly determine if there whether the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties? Did the District court properly consider if the Plaintiff was locked out of the state court by a restrictive filing court order without due process entered by the state district court judge; would such restriction allow the Plaintiff a complete and prompt resolution of the issues between the parties. There is a strong presumption that the presence of an additional claim in the federal suit means that Colorado River is inapplicable.

61. Did the district court fail to consider the time frame of the Plaintiff filing both suits in federal court vs. state court did the district court fail to consider or determine if the Plaintiff was seeking refuge  from the state court action within the federal court when she filed her suit in federal court the Plaintiff actions do not constitute the type of forum shopping necessary to justify a Colorado River stay pursuant to the appellant courts precedent. The Plaintiff filed both federal and state suits within the same mouth of each other. Without a showing of forum shopping on the part of the Plaintiff, the district court could not separate the state and federal law claims for its Colorado River analysis. Did the district court err when it issues the stay upon the Kansas district court might (if at all) also adjudicate some the Plaintiffs federal claims is not reason enough to stay the Plaintiff federal claims.

62. Did the district court err when it failed to properly consider whether the federal law or stat law provides the rule of decision on the merit before ruling on the defendant's motion to dismiss and invoking the Colorado river stay?

63. Did the district court fail to determine that eight factor before issuing a Colorado reiver stay; additionally, the eight factor is dispositive in concluding that a stay of the entire case is not appropriate because all of the Plaintiff federal claims were not raised in the state court forum. See: Intel Courp., 12 F.3d at 913 (Additionally the eight factor is dispositive in concluding that a stay of the entire case is not appropriate. The state proceeding cannot resolve the Plaintiff federal courts claims in that forum. Did the district court err when it failed to consider if the Plaintiff presented claims to the federal district court over which that court has jurisdiction before entering the Colorado river stay? Did the district court err when it failed to determine if this case met the exceptional circumstance before invoking the Colorado river stay? "Generally, as between state and federal courts, the pendency of an action in the state court is no bar to proceeding concerning the same matter in federal court having jurisdiction... See: Colo. River, 424 U.S. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282(1910)). Did the district court err when it failed to uphold the Federal courts virtually unflagging obligation... to exercise the jurisdiction given to them; Colorado River exempts federal courts from this obligation in "exceptional circumstances; did the lower court failed to determine if this case meets the executional circumstances threshold."

64. Did the district court err when it failed to properly consider whether the state court proceedings can adequately protect the rights of the federal litigants; before ruling on the defendant's motion to dismiss and invoking the Colorado river stay?

65. Colorado River is permissible only in very limited circumstances, namely when there is strong evidence of forum shopping. With little evidence of forum shopping here, did the district court err in its decision did the district court deprive the Plaintiff of her federal claims to proceed, subject to regular issues of justiciability?

66. Did the district court err when it failed to properly consider whether the state court proceedings will resolve all issues before the federal court; before ruling on the defendant's motion to dismiss and invoking the Colorado river stay?

67. Did the district court err when it failed to properly consider which court first assumed jurisdiction over any property at stake; before ruling on the defendant's motion to dismiss and invoking the Colorado river stay?

68. Did the district court err when it failed to properly consider whether federal law or state law provides the rule of decision on the merits; the order in which the forums obtained jurisdiction; before ruling on the defendant's motion to dismiss and invoking the Colorado river stay?

69. Did the district court properly determine if the Plaintiff state court claims and federal court claims as to each cause of action were substantial the same claims before issuing the order of abstention? Substantial similarity of claims is necessary before abstention is available." Seneca Ins., 862 F.3d at 845 (citation and internal quotation marks omitted). This factor "is more relevant when it counsels against abstention, because while . . . insufficient parallelism may preclude abstention, the alternatives never compel abstention." Id. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." Intel Corp., 12 F.3d at 913. Such doubt is "a significant countervailing consideration that" can be "dispositive." Id. Additionally, this factor should be addressed "as a preliminary matter." R.R. St., 656 F.3d at 979 n.9 (citation omitted).

70. Do the Defendants have article III standing to submit a defense, seek a form of relief, or claim upon this appeal? Do the Defendants have stake in this appeal, are the defendants the real party of interest? Article III standing can be addressed and asserted on appeal; See: In re Polaris Marketing, Sales Practices, and Products Liability Litigation, See In re SuperValu, Inc., Nos. 16-2378, 16-2528, 2017 WL 3722455, at *2 (8th Cir. Aug. 30, 2017) and See: Schumacher v. SC Data Center, Inc., 2022 WL 997742 (8th Cir. April 4, 2022); The District Court failed to address if the defendants standing was concrete; The lower Court failed to first review the three elements of constitutional standing before ruling upon the defendants motion to dismiss: the lower court failed to review the three elements (1) facts demonstrating "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 338 (2016); Spokeo, 578 U.S. at 330. In addition, the Supreme Court has construed injury in fact as meaning "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical.".

71. Did the District Court abuse of discretion when the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." Hancock v. Am. Tel. & Tel. Co., 701 F.3d 1248, 1262 (10th Cir.2012).

72. Did the District Court abuse its discretion when it "issued an arbitrary, capricious, whimsical, or manifestly unreasonable judgment or order to abstain?" Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs, 613 F.3d 1229, 1239–40 (10th Cir.2010).

73. Did the district court abuses its discretion when it employed an incorrect legal standard when ruling upon the defendants motion to dismiss. See Henning v. Union Pac. R.R. Co., 530 F.3d 1206, 1217 (10th Cir.2008).

74. Did the district court err when it allowed the Defendants to assert a defense – such as a motion to dismiss on behalf of a non-existent company? Did the Defendants have article III standing to submit a defense, pleadings, or claims on behalf of a dissolved entity (Aristocrat Motor Company Inc)? Was the defendant's pleadings, claims, and relief sought on their behalf or a dissolved entity behalf? Did the court failed to determine whose behalf the Defendants claims, and defense were submitted on behalf of; before ruling upon the defendants' motion to dismiss.

75. Did the lower court error when it failed to rule on the Appellants motion to compel arbitration and if such was denied; did the lower court error when it failed to rule upon the motion to stay and compel arbitration and allow the Plaintiff to take up an appeal upon the denial of the motions to stay and compel arbitration before entering the order to stay upon the Colorado doctrine?

76. Did the Arbitrator need to decide the arbitrability of the Plaintiff newly discovered claims before the lower court entered the order of abstention and stay upon the Defendants motion to dismiss.

77. Did the lower court apply the wrong abstention test and erroneously ruled that the Plaintiff waited 19 months before filing a motion to compel arbitration. Was the delay to compel arbitration the courts delay on ruling on the Defendants motion to dismiss for a lack of jurisdiction or the Plaintiff delay.

78. Did the jurisdiction issues have to be resolved before the Plaintiff could file a motion to compel arbitration?

79. Did the lower court error when it ruled upon the Defendants motion to dismiss allowed the defendants to refile the motion to dismiss after the Defendant's motion to dismiss (12)(B) had been ruled upon and denied by the lower court of Kansas and had also been ruled upon and denied by the lower court of Missouri?

80. Did the lower court apply the Colorado River Doctrine without considering all the factors such as The Similarity of the Parties and the Issues and Plaintiff Claims.

81. Did the lower court properly consider if the two cases bear substantial overlap in (1) the parties and (2) the issues (3) the Plaintiff claims. See: Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 790–91 (6th Cir. 2016). For the lower court failed to discuss the significance of these differences within the order.

82. Did the lower court error when it failed to consider the differences of the Plaintiff causes of actions in the state court vs. the federal court before considering the possibility of abstention?

83. Did the lower court error when it failed to consider the parallel nature of the Plaintiff state court claims/ proceedings vs. the federal court claims / proceedings and the balance of the factors on the record of the court before entering an order to stay upon the defendants motion to dismiss. See Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994) ("[T]he court must make its findings about the parallel nature of the . . . proceedings and the balance of the factors on the record." (emphasis removed)).

84. Did the lower court error and or deprive the Plaintiff of a federal forum; when it entered its order to abstain and stay upon the Colorado River Doctrine?

85. Did the district court err by failing to consider all of the equitable factors discussed in Colorado River? Did the district court fail to consider other factors recognized in Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994).

86. Did the district court erred by ruling in its order that the court had already denied the Plaintiff motion to compel arbitration. On these issues the Appellant seeks the Appeals court to engage in de novo review.

Dated: December 3, 2024,          Respectfully Submitted,

By: _____
    Chapter Jackson, Pro Se
    E: Jackson@chchproductions.com
    P.O. Box 11143
    Overland Park Kansas 66207

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2024, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court using the efiling system, which will automatically send email notification of such filing to the attorneys of record within this case and was sent by mail to parties who are not represented by attorneys:

Dated: December 4, 2024

By: _____

Jackson, Kris Chapter
P.O. Box 11143
Overland Park Kansas 66207